# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

DONNA MCCAMMON, VANESSA GARCIA, individually and on behalf of other similarly situated persons,

                Plaintiffs,

v.

SURREY REALTY ASSOCIATES LLC, SURREY PROPCO LLC, CORINTHIA HOTELS LIMITED, and any other related entities, jointly and severally,

                Defendants.

Index No.:

**CLASS ACTION COMPLAINT**

---

The named Plaintiffs, DONNA MCCAMMON and VANESSA GARCIA, by and through their attorneys, PITTA LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. The named Plaintiffs, on behalf of themselves and similarly situated persons file this Class Action Complaint.

2. This action is brought pursuant to §22-510 of the New York City Administrative Code (known as the Displaced Hotel Service Workers Act)("Displaced Act") to compel Surrey Propco LLC and Corinthia Hotels Limited to fully comply with the Displaced Act by, inter alia, offering in writing Named Plaintiffs and other similarly situated persons employment at the hotel located at 20 East 76th Street, New York, New York, operating as the Surrey f/k/a Surrey Hotel ("Hotel"), at their former wage rate or higher and retaining their employment for at least ninety (90) days, and recover damages and liquidated damages under the Displaced Act for the failure of

{00695511-3}

Surrey Realty Associates LLC, Surrey Propco LLC and Corinthia Hotels Limited ("Defendants") to fully comply with the Displaced Act by, inter alia, failing to have the Named Plaintiffs and other similarly situated persons offered in writing employment at the Hotel at their former wage rate or higher upon its re-opening to the public in or around October 5, 2024 ("Hotel Opening Date").

3. Upon information and belief, Named Plaintiffs and other similarly situated persons who are eligible hotel service employees under the Displaced Act were not offered in writing employment at the Hotel at their former wage rate or higher after it was sold from Surrey Realty Associates to Surrey Propco LLC who then contracted with Corinthia Hotels Limited to manage and operate the Hotel which re-opened to the public on the Hotel Opening Date.

4. Upon information and belief, neither Surrey Realty Associates LLC nor Surrey Propco LLC provided the Named Plaintiffs and other similarly situated persons information as required under the Displaced Act, as well to their collective bargaining representative, Surrey Propco LLC, or Corinthia Hotels Limited, respectively.

5. Named Plaintiffs have initiated this action seeking for themselves, and on behalf of similarly situated persons, back pay, compensatory damages, liquidated damages, and reasonable attorneys' fees and costs.

## THE PARTIES

6. Plaintiffs Donna McCammon and Vanessa Garcia are individuals who reside in the State of New York and who worked and performed service at the Hotel since at least December 2019.

7. Upon information and belief, Defendant Surrey Realty Associates LLC ("Surrey Realty") is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business located at 450 Seventh Avenue, New York, New York

10123.

8. Upon information and belief, Defendant Surrey Propco LLC ("Surrey Propco") is a foreign limited liability company doing business at 20 East 76th Street, New York, New York 10176.

9. Upon information and belief, defendant Corinthia Hotels Limited ("Corinthia") is a foreign corporation doing business at 20 East 76th Street, New York, New York 10176.

10. Defendant Surrey Realty was the owner of the Hotel prior to its transfer in December 2020 and, therefore, is a "former hotel employer" under the Displaced Act.

11. Defendant Surrey Propco is owner of the Hotel since December 2020 and, therefore, a "hotel employer" under the Displaced Act.

12. Upon information and belief, Defendant Corinthia was retained by Defendant Surrey Propco in 2021 to manage and operate the Hotel and, therefore, is a "successor hotel employer" under the Displaced Act.

## JURISDICTION AND VENUE

13. This Court also has subject matter jurisdiction over Plaintiffs' claims under the Displaced Act pursuant to §22-510(c)(1) of New York City Administrative Code.

14. Pursuant to CPLR §§ 501 *et seq.*, venue is proper in this county because a substantial part of the events or omissions giving rise to this action occurred in this county.

## CLASS ALLEGATIONS

15. This action is properly maintainable as a Class Action under Article 9 of the New York Civil Practice Law and Rules.

16. This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated persons who were employed and performed services at the Hotel since at least

December 2019 and/or had recall rights under a collective bargaining agreement with the Hotel and Gaming Trades Council, AFL-CIO f/k/a New York Hotel and Motel Trades Council, AFL-CIO ("Union") when they were laid off when the Hotel closed to the public in March 2020.

17. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees, the exact size of the putative class is ascertainable only through discovery, all of whom were subject to the same wrongful conduct during the relevant period.

18. The claims of all class members arise from a common course of conduct by Defendants, namely their systematic failure to provide written offers of employment upon the change of ownership of the Hotel and the change in management/operational control of the Hotel, as well as Defendants' uniform failure to provide requisite notices under the Displaced Act. The Defendants' practices were consistent across the entire class, irrespective of individual employees' roles, and as such, present common legal and factual questions. The questions of law and fact that are common to the putative class and predominate over any questions affecting only individual members include, but are not limited to:

(i) whether Defendant Surrey Realty failed to advise the Named Plaintiffs and the putative class in writing of a list of the names, addresses, dates of hires, and employment classifications of each of the hotel service employees at the Hotel prior to its sale in December 2020;

(ii) whether Defendant Surrey Realty failed to advise Surrey Propco in writing of a list of the names, addresses, dates of hires, and employment classifications of each of the hotel service employees at the Hotel prior to its sale in December 2020;

(iii) whether Defendant Surrey Propco failed to advise the Named Plaintiffs and the

FILED: NEW YORK COUNTY CLERK 03/26/2025 01:18 PM
NYSCEF DOC. NO. 1

INDEX NO. 651669/2025
RECEIVED NYSCEF: 03/26/2025

    putative class in writing of a list of the names, addresses, dates of hires, and employment classifications of each of the hotel service employees at the Hotel prior to its retention of Corinthia to manage and operate the Hotel in 2021;

(iv) whether Defendant Surrey Propco failed to advise Corinthia in writing of a list of the names, addresses, dates of hires, and employment classifications of each of the hotel service employees at the Hotel prior to its retention of Corinthia to manage and operate the Hotel in 2021; and

(v) whether Defendant Surrey Propco and/or Defendant Corinthia failed to offer in writing the Named Plaintiffs and the putative class employment at the Hotel at their last wage rate or higher before, on or after the opening of the Hotel to the public on the Hotel Opening Date.

19. The claims of the Named Plaintiffs are based on the same legal theories as those of the putative class, arising from Defendants' failure to comply with their statutory obligations under the Displaced Act. The Named Plaintiffs and the putative class were hotel service employees at the Hotel pursuant to the Displaced Act and were not provided the information required under the Displaced Act by either Surrey Realty or Surrey Propco. The experiences of the Named Plaintiffs mirror those of the class members, as all were denied the opportunity to retain their employment at the Hotel at their former wage rate or higher upon or after the change in the change in ownership of the Hotel from Surrey Realty to Surrey Propco and the change in management/operation of the Hotel to Corinthia. The typicality is further underscored by the fact that the harm suffered (i.e., loss of wages and denial of employment) was uniformly felt across the entire putative class, regardless of their individual roles.

20. The Named Plaintiffs have no interests adverse to those of the class, and their

interests are aligned with the broader group of affected employees. The Named Plaintiffs fully understand their role as class representatives and have actively participated in this litigation to protect the rights of all class members. Plaintiff's counsel, who are experienced in class action litigation and labor and employment law, have successfully litigated similar labor and employment claims and are well-suited to handle the complexities of this case. Therefore, the named Plaintiffs, along with their experienced legal team, will vigorously, fairly, and adequately pursue the rights and protect the interests of the putative class throughout the litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as individual class members are unlikely to have the financial resources to adequately prosecute separate lawsuits against Defendants for relatively modest individual damages, especially in comparison to the cost of litigation. Moreover, individual suits would risk inconsistent rulings and create inefficient use of judicial resources. Given that the Defendants' actions affected a large number of employees in the same manner, a class action will ensure that all members of the class can efficiently and equitably pursue their claims, thereby promoting judicial economy. The issues raised in this action can be best addressed through a class action, which will provide a comprehensive and unified resolution to the systemic practices employed by Defendants.

22. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' omissions.

## FACTS

23. Named Plaintiffs and putative class were employed at the Hotel since at least December 2019 and/or had recall rights under a collective bargaining agreement between the Union and the Hotel when they were laid off when the Hotel closed to the public in March 2020.

24. While the Hotel was closed to the public, Surrey Realty sold the Hotel to Surrey

Propco in December 2020.

25. Surrey Realty did not provide the Named Plaintiffs or putative class, with a list of names, addresses, dates of hires and employment classifications of each of the hotel service employees at the Hotel at least fifteen (15) dates prior to the sale of the Hotel to Surrey Propco.

26. Upon information and belief, Surrey Realty did not provide Surrey Propco with a list of names, addresses, dates of hires and employment classifications of each of the hotel service employees at the Hotel at least fifteen (15) dates prior to the sale of the Hotel to Surrey Propco.

27. While the Hotel remained closed to the public from March 2020 to the Hotel Opening Date, Surrey Propco retained Corinthia in 2021 to operate and manage the Hotel.

28. Surrey Propco did not provide the Named Plaintiffs or putative class with a list of names, addresses, dates of hires and employment classifications of each of the hotel service employees at the Hotel at least fifteen (15) dates prior to its retention of Corinthia to manage and operate the Hotel.

29. Surrey Propco did not provide Corinthia with a list of names, addresses, dates of hires and employment classifications of each of the hotel service employees at the Hotel at least fifteen (15) dates prior to its retention of Corinthia to manage and operate the Hotel.

30. In January and November 2023, the Union advised Corinthia in writing of its obligation under the Displaced Act to offer employment to the Named Plaintiffs and the putative class upon the Hotel Opening Date.

31. On July 25, 2024, the Union provided Corinthia with the name of the Named Plaintiffs and the putative class to which the Hotel should offer employment, as well as their contact information, seniority dates and classifications, upon the Hotel Opening Date pursuant to the Displaced Act.

32. Yet, neither Surrey Propco nor Corinthia offered employment to the Named Plaintiffs and the putative class at their last wage rate or higher before, on or after the Hotel Opening Date.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS SURREY REALTY AND SURREY PROPCO: FAILURE TO PROVIDE INFORMATION

33. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

34. Defendants Surrey Realty and Surrey Propco are "former hotel employers," within the meaning of §22-510(a) of the New York City Administrative Code.

35. Plaintiffs are "hotel service employees," within the meaning of §22-510(a) of the New York City Administrative Code.

36. The sale of the Hotel from Defendant Surrey Realty to Surrey Propco in December 2020 was a "change in controlling interest or identity" of the Hotel under §22-510(a) of the New York City Administrative Code.

37. Defendant Surrey Realty did not provide Plaintiffs with a list of each of the Plaintiffs and their addresses, dates of hires, and employment classifications prior to a change in controlling interest or identity of the Hotel in December 2020 as required under §22-510(b)(1) of the New York City Administrative Code.

38. Defendant Surrey Realty did not provide Defendant Surrey Propco with a list of each of the Plaintiffs and their addresses, dates of hires, and employment classifications prior to a change in controlling interest or identity of the Hotel in December 2020 as required under §22-510(b)(1) of the New York City Administrative Code.

39. The retention of Defendant Corinthia to operate and manage the Hotel by Defendant Surrey Propco was a "change in controlling interest or identity" of the hotel employer under §22-510(a) of the New York City Administrative Code.

40. Defendant Surrey Propco did not provide Plaintiffs with a list of each of the Plaintiffs and their addresses, dates of hires, and employment classifications prior to a change in controlling interest or identity of the hotel employer as required under §22-510(b)(1) of the New York City Administrative Code.

41. Defendant Surrey Propco did not provide Defendant Corinthia with a list of each of the Plaintiffs and their addresses, dates of hires, and employment classifications prior to a change in controlling interest or identity of the hotel employer as required under §22-510(b)(1) of the New York City Administrative Code.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS SURREY PROPCO AND CORINTHIA: FAILURE TO OFFER EMPLOYMENT

42. Defendants repeat and re-allege the allegations set forth in the preceding paragraphs.

43. Defendants Surrey Propco and Corinthia are "Successor former hotel employers," within the meaning of §22-510(a) of the New York City Administrative Code.

44. The "Hotel service employee retention period" began on the Hotel Opening Date pursuant to §22-510(a) of the New York City Administrative Code.

45. Defendants Surrey Propco and Corinthia did not offer, in writing, employment at the Hotel to the Plaintiffs at their last wage rate or higher during the Hotel service employee retention period as required under §22-510(b)(2) of the New York City Administrative Code.

46. By the foregoing reasons, Defendants have violated §22-510 of the New York City Administrative Code, and as such, are liable to Plaintiffs in an amount to be determined at a jury trial, plus interest, attorneys' fees and costs.

WHEREFORE, Plaintiffs, respectfully request that this Court:

(1) Order Defendants Surrey Propco and Corinthia to offer, in writing, employment at the

{00695511-3}                                    9

Hotel to Plaintiffs at their last wage rate or higher and fully comply with all other provisions of §22-510 of the New York City Administrative Code;

(2) Grant judgment on the first and second causes of action against Defendants, in an amount to be determined at trial, including but not limited to back pay, compensatory damages for out-of-pocket expenses caused by the violations (such costs associated with medical expenses), 100% liquidated damages, and award attorneys' fees and costs pursuant to §22-510(c) of the New York City Administrative Code, plus such pre-judgment and post-judgment interest as may be allowed by law; and

(3) Grant Plaintiffs such other and further relief that the Court deems just and proper.

Dated: New York, New York
March 26, 2025

PITTA LLP
*Attorneys for Plaintiffs*

By: _____
Joseph Farelli
120 Broadway, 28th Floor
New York, New York 10271
Tele: 212-652-3890
jfarelli@pittalaw.com

FILED: NEW YORK COUNTY CLERK 03/26/2025 01:18 PM          INDEX NO. 651669/2025
NYSCEF DOC. NO. 2                                          RECEIVED NYSCEF: 03/26/2025

UCS-840
(rev. 12/16/2024)

# REQUEST FOR JUDICIAL INTERVENTION

Supreme COURT, COUNTY OF New York



Index No: _____  Date Index Issued: _____

**For Court Use Only:**
IAS Entry Date

**CAPTION** Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

Donna McCammon, Vanessa Garcia individually and on behalf of other similarly situated persons

Plaintiff(s)/Petitioner(s)

Judge Assigned

-against-

SURREY REALTY ASSOCIATES LLC, SURREY PROPCO LLC, CORINTHIA HOTELS LIMITED and any other related entities, jointly and severally

RJI Filed Date

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:** Check only one box and specify where indicated.

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☒ Other Commercial (specify): NYC Admin Code 22-510

NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.

**TORTS**
- ☐ Asbestos
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ☐ Child-Parent Security Act (specify): ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration   [see NOTE in COMMERCIAL section]
- ☐ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement (specify):   ☐ Initial   ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

**MATRIMONIAL**
- ☐ Contested
NOTE: If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.
For Uncontested Matrimonial actions, use the Uncontested Divorce RJI **(UD-13)**.

**REAL PROPERTY** Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential    ☐ Commercial
  Property Address: _____
  NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.
- ☐ Partition
  NOTE: Complete and attach the **PARTITION RJI ADDENDUM (UCS-840P)**.
- ☐ Tax Certiorari (specify): Section: ____ Block: ____ Lot: ____
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution   [see NOTE in COMMERCIAL section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**STATUS OF ACTION OR PROCEEDING** Answer YES or NO for every question and enter additional information where indicated.

|  | YES | NO |  |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☐ | ☒ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ☐ | ☒ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION** Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice   Date Issue Joined: _____
- ☐ Notice of Motion   Relief Requested: _____   Return Date: _____
- ☐ Notice of Petition   Relief Requested: _____   Return Date: _____
- ☐ Order to Show Cause   Relief Requested: _____   Return Date: _____
- ☐ Other Ex Parte Application   Relief Requested: _____
- ☐ Partition Settlement Conference
- ☒ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Waiver of Court Costs, Fees and Expenses
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

FILED: NEW YORK COUNTY CLERK 03/26/2025 01:18 PM    INDEX NO. 651669/2025
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 03/26/2025

**RELATED CASES** — List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the RJI Addendum (UCS-840A).

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES** — For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the RJI Addendum (UCS-840A).

| Un-Rep | Parties (List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.)) | Attorneys and Unrepresented Litigants (For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email.) | Issue Joined (For each defendant, indicate if issue has been joined.) | Insurance Carriers (For each defendant, indicate insurance carrier, if applicable.) |
|---|---|---|---|---|
| ☐ | Name: McCammon, Donna<br>Role(s): Plaintiff/Petitioner | JOSEPH FARELLI, PITTA LLP, 120 Broadway FL 28, New York, NY 10271, jfarelli@pittagiblin.com | ☐ YES ☒ NO |  |
| ☐ | Name: Garcia, Vanessa<br>Role(s): Plaintiff/Petitioner | JOSEPH FARELLI, PITTA LLP, 120 Broadway FL 28, New York, NY 10271, jfarelli@pittagiblin.com | ☐ YES ☒ NO |  |
| ☒ | Name: SURREY REALTY ASSOCIATES LLC<br>Role(s): Defendant/Respondent | 450 Seventh Avenue, New York, NY 10123 | ☐ YES ☒ NO |  |
| ☒ | Name: SURREY PROPCO LLC<br>Role(s): Defendant/Respondent | 20 East 76th Street, New York, NY 10176 | ☐ YES ☒ NO |  |
| ☒ | Name: CORINTHIA HOTELS LIMITED<br>Role(s): Defendant/Respondent | 20 East 76th Street, New York, NY 10176 | ☐ YES ☒ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 03/26/2025

JOSEPH FREDRICK FARELLI
Signature

2694156
Attorney Registration Number

JOSEPH FREDRICK FARELLI
Print Name

*This form was generated by NYSCEF*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DONNA MCCAMMON, VANESSA GARCIA, individually and on behalf of other similarly situated persons,

    Plaintiffs,

v.

SURREY REALTY ASSOCIATES LLC, SURREY PROPCO LLC, CORINTHIA HOTELS LIMITED, and any other related entities, jointly and severally,

    Defendants.

**SUMMONS**

To the Named Defendants Above:

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the complaint of the plaintiffs herein and to serve a copy of your answer on the plaintiffs at the address indicated below within 20 days after the service of this Summons, or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York. Should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

The basis of the venue designated is because a substantial part of the events or omissions giving rise to this Action occurred in New York County.

Dated: New York, New York
March 26, 2025

                                                                         PITTA LLP
                                                                         Attorneys for Plaintiffs
                                                                          By: _____
                                                                                 Joseph Farelli
                                                                        120 Broadway, 28th Floor
                                                                        New York, New York 10271
                                                                        Tele: 212-652-3890
                                                                        jfarelli@pittalaw.com