UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DONNA MCCAMMON, VANESSA GARCIA,
individually and on behalf of others similarly
situated,

    Plaintiffs,

-against-                                      No. 1:25-cv-03292-VSB

SURREY REALTY ASSOCIATES LLC,
SURREY PROPCO LLC, CORINTHIA
HOTELS LIMITED, and any other related
entities, jointly and severally,

    Defendants.
-----------------------------------------------------------X

## ANSWER TO AMENDED COMPLAINT

AND NOW come the Defendants, Surrey Propco LLC, and CHL Surrey, Inc. (incorrectly sued as Corinthia Hotels Limited), and make the following Answer and Affirmative Defenses to the Amended Complaint:

1. Defendants admit that Plaintiffs have filed an Amended Complaint and deny they are liable to Plaintiffs or anyone else on the grounds stated in the Amended Complaint.

2. Admitted.

3. Defendants admit that Plaintiffs purport to bring an action pursuant to the New York City Displaced Hotel Worker Act, New York City Code § 22-510 (the "Act"), deny they are proper defendants to such an action, deny they have violated the Act in any respect, and deny the remaining allegations of paragraph 3 of the Amended Complaint.

4. Defendants admit that they did not offer the named Plaintiffs employment at the Hotel, deny they were required to offer anything to the Plaintiffs or the putative class under the

cited authorities or any other authorities, and deny the remaining allegations of paragraph 4 of the Amended Complaint.

5. Defendants deny they were required to offer anything to the Plaintiffs or their collective bargaining representative under the cited authorities or any other authorities, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Amended Complaint.

6. Defendants admit that Plaintiffs purport to bring this action and deny they are liable to Plaintiffs for any relief whatever including that asserted by the Plaintiffs in this paragraph.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Amended Complaint.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint.

9. Denied as stated. Defendant Surrey Propco is a limited liability corporation under the laws of the State of Delaware with its principal place of business in London, England, where its officers reside.

10. Denied as stated. Defendant CHL Surrey, Inc. (incorrectly sued as Corinthia Hotels Limited) is a corporation incorporated under the laws of the State of Delaware with its principal places of business in the Republic of Malta and in London, England, where its officers and directors reside.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint.

12. Defendants admit that Surrey Propco purchased the property on which the Hotel is located in December 2020, deny it is a "hotel employer" under the authority cited, and deny the remaining allegations of paragraph 12 of the Amended Complaint.

13. Defendants admit that Defendant CHL Surrey was retained in April 2021 by Defendant Surrey Propco to manage the Hotel, deny that CHL Surrey is a "successor hotel employer" under the authority cited, and deny the remaining allegations of paragraph 13 of the Amended Complaint.

14. Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1332(d)(2), but deny that this is the sole source of its jurisdiction.

15. Admitted.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint.

17. Defendants admit that venue in this Court is proper, and deny the remaining allegations of paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations of paragraph 18 of the Amended Complaint.

19. Defendants admit that plaintiffs purport to bring this action as described in paragraph 19 of the Amended Complaint and deny they are liable to plaintiffs in any respect.

20. Defendants admit that the putative class may exceed 40 employees in number, deny that the plaintiffs and the putative class were subject to wrongful conduct by Defendants, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Amended Complaint.

21. All of the factual and legal allegations of this paragraph are denied, and Defendants deny that they had or have any legal obligation to the Plaintiffs or the putative class.

22. All of the factual and legal allegations of this paragraph are denied, and Defendants deny that they had or have any legal obligation to the Plaintiffs or the putative class.

23. All of the factual and legal allegations of this paragraph are denied, and Defendants deny that they had or have any legal obligation to the Plaintiffs or the putative class.

24. All of the factual and legal allegations of this paragraph are denied, and Defendants deny that they had or have any legal obligation to the Plaintiffs or the putative class.

25. All of the factual and legal allegations of this paragraph are denied, and Defendants deny that they had or have any legal obligation to the Plaintiffs or the putative class.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Amended Complaint.

27. Defendants admit that defendant Surrey Propco purchased the property on which the Hotel is located from Defendant Surrey Realty in December 2020, and deny the remaining allegations of paragraph 27 of the Amended Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Amended Complaint. Defendants answer further that the portion of this and other paragraphs referring to "fifteen (15) dates" is unintelligible.

29. Defendants admit that Surrey Realty did not provide Surrey Propco with a list and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Amended Complaint.

30. Defendants admit that Defendant Surrey Propco entered into a Hotel Management Agreement with Defendant CHL Surrey in April 2021, while the Hotel remained closed to the public.

31. Admitted that Defendant Surrey Propco provided no list, but Defendants deny that it had or has any legal obligation to do so. The portion of this paragraph referring to "fifteen (15) dates" is unintelligible.

32. Admitted that Defendant Surrey Propco provided no list, but Defendants deny that it had or has any legal obligation to do so. The portion of this paragraph referring to "fifteen (15) dates" is unintelligible.

33. Defendants admit that the Union communicated with Defendant CHL Surrey. Defendants deny they had or have any legal obligation under the Act to the Plaintiffs or the putative class and deny the remaining allegations of paragraph 33 of the Amended Complaint.

34. Defendants admit that the Union communicated with Defendant CHL Surrey. Defendants deny they had or have any legal obligation to the Plaintiffs or the putative class and deny the remaining allegations of paragraph 34 of the Amended Complaint.

35. Defendants deny they did not offer employment to any members of the putative class and further deny that they had or have any legal obligation to the Plaintiffs or the putative class to do so.

36. The previous paragraphs of this Answer are incorporated as if fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Amended Complaint.

41. Defendants admit that Defendant Surrey Realty did not provide a list to Defendant Surrey Propco and deny the remaining allegations of paragraph 41 of the Amended Complaint.

42. This paragraph states a legal conclusion to which no response is required and accordingly is denied.

43. Defendants admit that Defendant Surrey Propco provided no list, deny that it had or has any legal obligation to do so, and deny the remaining allegations of paragraph 43 of the Amended Complaint.

44. Defendants admit that Defendant Surrey Propco provided no list, deny that it had or has any legal obligation to do so, and deny the remaining allegations of paragraph 44 of the Amended Complaint.

45. The previous paragraphs of this Answer are incorporated as if fully set forth herein.

46. This paragraph states a legal conclusion to which no response is required and accordingly is denied.

47. This paragraph states a legal conclusion to which no response is required and accordingly is denied.

48. Defendants deny that they had or have any legal obligation to the Plaintiffs or the putative class and accordingly deny the allegations of paragraph 48 of the Amended Complaint.

49. Denied.

WHEREFORE, Defendants Surrey Propco LLC and CHL Surrey, Inc., respectfully request that the Amended Complaint be dismissed and attorneys' fees and costs awarded to the Defendants.

**AFFIRMATIVE DEFENSES**

1. There was no sale, assignment, transfer, contribution or other disposition of a controlling interest, including by consolidation, merger or reorganization, of a hotel employer or any person who controls a hotel employer applicable in this case. Accordingly, plaintiffs do not have a claim under the Act.

2. There was no other event or sequence of events within the meaning of the Act, including a purchase, sale or lease termination of a management contract or lease, that caused the identity of the hotel employer at a hotel to change in this case.

3. The Plaintiffs and the putative class are not "hotel service employees" as that term is defined in the Act.

4. The Plaintiffs and the putative class are not "eligible hotel service employees" as that term is defined in the Act.

5. Defendant Surrey Propco is not a "successor hotel employer" as that term is defined in the Act.

6. Defendant CHL Surrey, Inc. is not a "successor hotel employer" as that term is defined in the Act.

7. After the closure of the hotel in March 2020, no "hotel employer," as defined in the Act, existed at 20 East 76th Street until April 2021.

8. Plaintiffs' claims under the Act are preempted by federal labor law because they interfere with decades of well-established federal law establishing successorship under the National Labor Relations Act ("NLRA").

9. The Plaintiffs in their Amended Complaint seek the certification of a class that is defined in part according to the recall rights that a class member possesses under policies of their former employer. Because their former employer's recall policies were subject to a collective bargaining agreement between Defendant Surrey Realty and the Union, this class definition would require the Court to interpret that agreement in order to determine who is a member of the class. Section 301 of the Labor Management Relations Act preempts state

law claims that involve the interpretation of an underlying collective bargaining agreement and plaintiffs, therefore, cannot maintain a class on that basis.

10. The Act exempts from its coverage those employers who are parties to a collective bargaining agreement with a labor union and those employers who agree to enter into a collective bargaining agreement with a labor union. Act at § 22-510d. By doing so, the Act penalizes those businesses whose workforces are not unionized and, therefore, interferes with the rights of employees to refrain from organization under Section 7 of the NLRA and the authority of the National Labor Relations Board to regulate such relationships. In consequence, the Act also is pre-empted by the NLRA on this basis.

11. The Plaintiffs and the putative class waived any recall rights they might have had under the collective bargaining agreement, policies of their former employer, or under the Act when they accepted severance pay from the Debtor in Bankruptcy case No. 20-11007 (S.D.N.Y.).

12. The Plaintiffs and the putative class are estopped from asserting any recall rights they might have had under the collective bargaining agreement, policies of their former employer, or under the Act because they accepted severance pay from the Debtor in Bankruptcy case No.: 20-11007 (S.D.N.Y.).

13. The Act violates the U.S. Constitution's Contracts Clause by effecting a substantial impairment of the contractual relationships of hotel owners and managers in New York City that is not appropriate or reasonable to advance a significant and legitimate public purpose.

14. The Act violates the U.S. Constitution's Contracts Clause by requiring hotel owners and managers to retain employees who are rated "satisfactory" after 90 days regardless of the contractual intentions and desires of the hotel owners and managers.

15. The Act violates the U.S. and New York Constitutions' Due Process clauses by depriving hotel owners and managers of their property and liberty rights without due process of law, and it is not rationally related to a legitimate public purpose.

16. The Act violates the U.S. and New York Constitutions' Equal Protection clauses, discriminating against hotel owners and managers in New York City by imposing hiring requirements upon them that are not imposed on other business owners, without a legitimate governmental objective or a rational basis for the difference in treatment.

Dated: New York, New York
May 2, 2025

                                            **STOKES WAGNER, ALC**

                                            /s/ Paul E. Wagner

                                            Paul Wagner
                                            903 Hanshaw Road
                                            Ithaca, New York 14850
                                            (607) 257-5165

                                            *Attorneys for Defendants Surrey*
                                            *Propco LLC and*
                                            *Corinthia Hotels, Ltd*.

# CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing "ANSWER TO AMENDED COMPLAINT" was electronically filed using the Court's CM/ECF system, and a true and correct copy has been sent by overnight mail and by electronic mail to counsel of record below:

Joseph Farelli
Pitta LLP
120 Broadway, 28th Floor
New York, NY 10271
jfarelli@pittalaw.com

Dated: May 2, 2025

**STOKES WAGNER, ALC**

*/s/ Paul E. Wagner*

_____

Paul Wagner

903 Hanshaw Road

Ithaca, New York 14850

(607) 257-5165

pwagner@stokeswagner.com

*Attorneys for Defendants Surrey Propco LLC and Corinthia Hotels, Ltd.*