UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA MCCAMMON, VANESA GARCIA, individually on behalf of other similarly situated persons,<br><br>      Plaintiffs,<br><br>-against-<br><br>SURREY REALTY ASSOCIATES LLC, SURREY PROPCO LLC, CORINTHIA HOTELS LIMITED, and other related entities, jointly and severally,<br><br>      Defendants. | Case No. 25-CV-03292 (VSB) |

# DEFENDANT SURREY REALTY ASSOCIATES LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

*Attorneys for Defendant Surrey Realty Associates LLC*

12915764-4

## Table of Contents

                                                                             Page

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS .........................................................................................................2

       Background ..........................................................................................................2

       Procedural History ...............................................................................................2

LEGAL STANDARDS ...............................................................................................................3

ARGUMENT ...............................................................................................................................3

      I.      PLAINTIFF ACTION IS UNTIMELY AND MUST BE DISMISSED AS A MATTER OF LAW. ...............................................................................................3

            A.     Section 22-510 creates a new liability onto former and successor hotel employers. ........................................................................................4

            B.     C.P.L.R. § 214(2) applies to an action brought pursuant to § 22-510. ..............................................................................................................5

            C.     Plaintiffs Do not Alleged Any Actions or Failures by Surrey Realty after December 2020. ..............................................................................6

CONCLUSION ............................................................................................................................6

## Table of Authorities

Page

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 554 (2007) ...................................................................................................3

*Mindel v. Phoenix Owners Corp.*,
    17 A.D.3d 227 (1st Dep't 2005) .................................................................................6

*W. Chelsea Bldg. LLC v. Guttman*,
    139 A.D.3d 39 (1st Dep't 2016) .................................................................................6

*Wright v. City of Ithaca*,
    633 F. App'x 63 (2d Cir. 2016) ...............................................................................5, 6

STATUTES

New York Administrative Code § 22-510 .......................................................................... passim

OTHER AUTHORITIES

C.P.L.R. § 213 ..................................................................................................................3, 4

C.P.L.R. § 214 .............................................................................................................. passim

C.P.L.R. § 215 ..................................................................................................................3, 4

Fed.R.Civ.P. Rule 12(b)(6) ....................................................................................................3

Defendant Surrey Realty Associates LLC ("Surrey Realty"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Amended Class Action Complaint (*See* Dkt. 5) as time-barred by the statute of limitations applicable to actions under New York Administrative Code §22-510 as provided by C.P.L.R. § 214(2).

## PRELIMINARY STATEMENT

Plaintiffs initiated this complaint under § 22-510 of the New York City Administrative Code (known as the Displaced Hotel Service Workers Act) ("Displaced Act") on March 26, 2025 by filing its initial complaint in New York State Supreme County of New York. (Compl. Dkt. 1). After the action was removed to this Court, the Plaintiffs filed an amended complaint on April 25, 2025 (*See* Dkt. 5; hereinafter the "Amended Complaint" or "Amend. Compl."). In the Amended Complaint, Plaintiffs allege that Surrey Realty was a "former hotel employer" under the Displaced Act. Plaintiffs also allege that Surrey Realty sold the hotel to Surrey Propco[1] in December 2020. The entirety of Plaintiffs' allegations as it relates to Surrey Realty are that Surrey Realty failed to provide Plaintiffs and Surrey Propco with a list of information regarding Plaintiffs (namely their addresses, dates of hires, and employment classifications) <u>prior</u> to the sale in December 2020 as allegedly obligated under the Displaced Act. There is no allegation in the Amended Complaint that Surrey Realty engaged in any activity, unlawful or otherwise, after December 2020.

C.P.L.R. § 214(2) requires that actions "to recover upon a liability, penalty or forfeiture created or imposed by statute" be commenced within three years. C.P.L.R. § 214(2). This court and New York state courts have consistently applied this provision to require actions brought pursuant to the New York Administrative Code, such as this action, to be filed within that three-

---

[1] Despite the similarity in names, there is no allegation that (nor are) Surrey Realty and Surrey Propco are related entities in any way.

year time limit. The only allegations related to Surrey Realty occurred over four years and two months prior to the initiation of this action in March 2025 and, therefore, are clearly outside the statute of limitation for actions brought pursuant to the Displaced Act. The Amended Complaint against Surrey Realty must, therefore, be dismissed.

**STATEMENT OF FACTS**

The following statement of facts is based on the allegations set forth in the Complaint.[2]

Background

In December 2020, Surrey Realty sold the hotel to Surrey Propco. (Amend. Compl. ¶ 27). Plaintiffs allege that Surrey Realty was obligated to provide the Named Plaintiffs and Surrey Propco with a list of names, addresses, dates of hires, and employment classifications of each of the hotel service employees at least fifteen (15) days prior to the sale of the Hotel to Surrey Propco, again in December 2020. (Amend. Compl. ¶¶ 28, 29).

Procedural History

Plaintiff filed its Class Action Complaint on March 26, 2025 in New York State Supreme Court for the County of New York, bringing claims against Surrey Realty, Surrey Propco, and Corinthia Hotels Limited. (Amend. Compl. ¶ 1). Plaintiffs alleged that they were "hotel service employees" within the meaning of § 22-510(a) of the New York City Administrative Code and specifically, as to Surrey Realty, that Surrey Realty failed to provide the requisite information as required by the Displaced Act. (Amend. Compl. ¶¶ 4, 7, 28). Defendants Surrey Propco and Corinthia Hotels Limited removed the action to the United States District Court for the Southern District of New York on April 21, 2025. (Amend. Compl. ¶ 2). Plaintiffs filed an Amended Class Action Complaint on April 25, 2025. (Amend. Compl.).

---

[2] Surrey Realty accepts the facts alleged in the Amended Complaint only for the limited purpose of the present motion. It strongly disputes it is a hotel employer as alleged by Plaintiffs.

## LEGAL STANDARDS

Defendant Surrey Realty seeks to dismiss all counts of the Amended Class Action Complaint as applicable to it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures for failure to state a claim upon which relief can be granted. To survive dismissal, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Plausibility requires "enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556. Although facts are taken as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Here, dismissal is warranted on all counts, but Defendant Surrey Realty specifically focuses on the count asserted against it.

## ARGUMENT

### I. PLAINTIFF ACTION IS UNTIMELY AND MUST BE DISMISSED AS A MATTER OF LAW.

The Displaced Act is found within Section 22 of the New York City Administrative Code. Neither the Displaced Act nor Section 22 specifies a statute of limitations for actions brought pursuant to the statute. In such cases, N.Y. C.P.L.R. provides the applicable statute of limitations. In actions "to recover upon a liability, penalty or forfeiture created or imposed by statute except as provided in sections 213 and 215," the NY C.P.L.R. imposes a three-year statute of limitations.

*See* C.P.L.R. § 214(2). Section 215 does not apply here and, further, it shortens the relevant statute of limitation to one year. *See* C.P.L.R. § 215. Section 213 provides for a six year statute of limitations for actions based on liability arising under (1) contract; (2) sealed instrument; (3) bond or note, (4) mortgage upon real property, (5) misappropriation of public property or actions (6) based on mistake, (7) by corporation against director, officer or stockholder, or (8) based on fraud. *See* C.P.L.R. § 213. Clearly, the exceptions under Section 213 and 215 to the general three-year statute of limitation to actions created by statute as provided by Section 214 do not apply.

Plaintiffs allege that Defendant Surrey Realty violated § 22-510 of the Displaced Act by failing to provide Plaintiffs and Surrey Propco a list of "hotel service employees" employed at the hotel in December 2020 when there was a "change in controlling interest or identity" within the meaning of § 22-510(a). As Plaintiffs are seeking to recover against Surrey Realty based solely on liability created or imposed by statute, their complaint must have been filed within three years of December 2020, i.e. in 2023 or earlier. Their complaint was initiated in March 2025 and is, therefore, untimely.

While N.Y. C.P.L.R. 214(2) clearly applies here, the plain language of the Displaced Act also strongly suggests that a three-year window is the intended limitation period for such an action. For example, § 22-510(e)(1) states that hotel employers, which includes former hotel employers, must, "maintain for three years, for each employee and former employee, by name, a record showing the employee's regular hourly rate of pay for each week of the employee's employment." *Id*.

    A.    **Section 22-510 creates a new liability onto former and successor hotel employers.**

The Displaced Act undoubtedly created and imposed a new liability onto former hotel employers, as Surrey Realty is alleged to be, which did not exist under common law by requiring

4
12915764-4

them to provide employee information before "change in controlling interest or identity" of a hotel. The Displaced Act obligates a "former hotel employer" to:

> provide the successor hotel employer with a full and accurate list containing the name, address, date of hire and employment classification of each hotel service employee employed at an affected hotel. At the same time that the former hotel employer provides such list, the former hotel employer shall post such list in a notice to the hotel service employees that also sets forth the rights provided by this section, in the same location and manner that other statutorily required notices to such employees are posted at the affected hotel; provided that if such hotel is not open to the public, such notice shall be transmitted in the same manner as any offer of employment made pursuant to paragraph 2 of this subdivision. Such notice shall also be provided to the employees' collective bargaining representative, if any.

§ 22-510(b).

The former hotel employer was to provide said list within fifteen (15) days "before a change in control interest or identity." *Id.* This section of the administrative code created this new requirement and no potential for liability for former hotel employers existed before § 22-510 was passed and implemented. Any liability is purely created by § 22-510.

### B. C.P.L.R. § 214(2) applies to an action brought pursuant to § 22-510.

Thus, the only remaining question is whether the New York City Administrative Code, which created the potential liability here, is a "statute" for purposes of C.P.L.R. § 214(2). Reviewing the decisions of New York state courts, the Second Circuit has affirmatively stated that the New York City Administrative Code is a statute. *See Wright v. City of Ithaca*, 633 F. App'x 63, 64 (2d Cir. 2016) (rejecting Plaintiff's argument that "statute" under CPLR 214(2) only refers to state laws and holding that the C.P.L.R. § 214(2)'s three-year statute of limitation applied). In *Wright*, a former police sergeant in the City of Ithaca, New York brought several claims against Ithaca Police Department, including one under the Ithaca Municipal Code. The Second Circuit rejected Plaintiff's assertion that "statute as used in § 214(2), refers only to state, not municipal laws," reasoning that "New York courts have consistently interpreted § 214(2) as applying to local

ordinances." *Id.* at 65. See, e.g., *Mindel v. Phoenix Owners Corp.*, 17 A.D.3d 227, 228 (1st Dep't 2005)(holding that causes of action "based on requirements set forth in both Administrative Code of the City of New York § 27-860…and a 1988 stipulation of settlement between the parties in a related action, were subject to the three-year statute of limitations in C.P.L.R. § 214(2)"); *W. Chelsea Bldg. LLC v. Guttman*, 139 A.D.3d 39, 42 (1st Dep't 2016)(explaining that the court had already determined that actions brought under the NY Administrative Code are "subject to the three-year SOL set forth in C.P.L.R. § 214(2)").

      **C.    Plaintiffs Do not Alleged Any Actions or Failures by Surrey Realty after December 2020.**

Plaintiffs claim against Surrey Realty pursuant to § 22-510 extends solely from Surrey Realty's alleged failure to provide information in December 2020. Yet Plaintiffs own amended complaint expresses the central issue with this action—the alleged wrong occurred in December 2020 when there was a "change in controlling interest in the hotel"—and thus fails to conform with C.P.L.R. § 214 which requires such an action be commenced within three years "to recover upon a liability, penalty or forfeiture created or imposed by statute." (Amend. Compl. at ¶¶ 3,21, 22, 27); C.P.L.R. § 214(2).

## CONCLUSION

For these reasons, Defendant Surrey Realty respectfully requests that the Complaint be dismissed in its entirety as to Surrey Realty and for such other relief as this Court deems just and proper.

Dated: New York, New York
June 9, 2024

OLSHAN FROME WOLOSKY LLP

By: */s/ Michael J. Passarella*
    Michael J. Passarella
    Lisette A. Candia Diaz
    1325 Avenue of the Americas
    New York, New York 10019
    (212) 451-2300
    *Attorneys for Defendant Surrey Realty Associates LLC*

**Certificate of Compliance with Local Rule 7.1(c)**

      Michael J. Passarella, a Partner at Olshan Frome Wolosky LLP, hereby certifies that the total word count in this memorandum is <mark>1,897</mark> words excluding the caption, table of contents, table of authorities, signature block, and this certificate, according to the word-processing software used to prepare this document. This memorandum therefore complies with the word-limit set forth in Local Rule 7.1(c).

| | |
|---|---|
| Dated: New York, New York<br>        June 9, 2025 | /s/ Michael J. Passarella<br>Michael J. Passarella<br>1325 Avenue of the Americas<br>New York, New York 10019<br>(212) 451-2300 |