

STOKES WAGNER
ATTORNEYS AT LAW

ATLANTA • ITHACA • LOS ANGELES • PITTSBURGH • SAN DIEGO • SAN FRANCISCO

Denied as moot. See Dkt. 39.

SO ORDERED:

10/14/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

October 1, 2025

**By E-Mail and ECF Filing**
The Hon. Robert W. Lehrburger
U.S. District Court, S.D.N.Y.
Lehrburger_NYSDChambers@nysd.uscourts.gov

Re: *Donna McCammon et al v. Surrey Propco LLC.* 1:2025-cv-03292-VSB-RWL

Dear Judge Lehrburger:

The plaintiffs in this action filed a Motion for Rule 23 Class Certification on September 9, 2025 (Dkt. 33). As indicated in the Case Management Plan and Scheduling Order, the defendants now request that they be allowed to conduct a limited amount of discovery in connection with the allegations in the Motion. (Dkt. 29 at ¶ 11). In particular, the defendants seek to depose the two named plaintiffs and propound a limited number of document requests.

Counsel for defendants has conferred over the last two weeks with counsel for plaintiffs about this request. After discussion, counsel for plaintiffs informed defense counsel yesterday that: they do not agree to the depositions of the named plaintiffs; they agree only to very limited discovery by defendants; and they are apparently conditioning their consent even to that limited discovery upon the opportunity for plaintiffs to conduct their own merits-based discovery. Today's motion requesting certification related discovery follows the inability of the parties to agree.

## DISCUSSION

Pre-certification discovery often is allowed in order to ensure that the Court has a complete record from which to assess whether the requirements for class certification have been met. "If it were appropriate for a court simply to accept the allegations of a complaint at face value in making class action findings, every complaint asserting the requirements of Rule 23(a) and (b) would automatically lead to a certification order, frustrating the district court's responsibilities for taking a 'close look' at relevant matters, for conducting a 'rigorous analysis' of such matters, and for making 'findings' that the requirements of Rule 23 have been satisfied." *Gariety v. Grant Thornton*, LLP, 368 F.3d 356, 365 (4th Cir. 2004) (citations omitted).

It is not only reasonable, but common, for representative plaintiffs to be tested on their adequacy as class representatives. In evaluating the adequacy requirement, "courts consider

October 1, 2025
Page **2** of **3**

whether the class representatives are familiar with the action and whether they are of sufficient moral character to represent a class. In addition, where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation, certification of the class is not appropriate because the representative cannot act in the best interest of the class." *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 71 (S.D.N.Y. 2018)*; see also In re Rodriguez*, 432 B.R. 671, 697 (Bankr. S.D. Tex. 2010), *aff'd,* 695 F.3d 360 (5th Cir. 2012), and *aff'd,* 695 F.3d 360 (5th Cir. 2012) ("In order for class representatives to satisfy the adequacy standard, they must possess a sufficient level of knowledge and understanding to be 'capable of controlling or prosecuting the litigation'.").

> Inherent in any class action is the potential for conflicting interests among the class representatives, class counsel, and absent class members. "The interest of lawyer and class may diverge, as may the interests of different members of the class...." Both class representatives and class counsel have responsibilities to absent members of the class. Under Rule 23, the court cannot properly certify the action to proceed as a class action unless it is satisfied that the representative plaintiffs "will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). Thus, class certification may properly be denied "where the class representatives ha[ve] so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys."

*Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077-1078 (2d Cir. 1995).

Plaintiffs' counsel in this case also is counsel for the Union, Hotel and Gaming Trades Council, AFL-CIO ("the Union"), which had represented employees at the Surrey Hotel before it closed in March 2020. If the plaintiffs were to prevail in this case, the operation of the Ordinance might require the Hotel to offer jobs to all of the former employees, thus making it highly likely that the Union once again would become the representative of the employees at the Hotel by operation of law. Indeed, that is one of the bases for Defendants' removal of the case to this Court – that the enforcement of the Ordinance interferes with preemptive federal labor law regarding successorship.

Thus, it is clear that one goal of the lawsuit is to benefit the Union. What is not clear is whether the lawsuit would benefit the representative plaintiffs and the putative class, who undoubtedly have obtained other jobs since March 2020, or whether a potential settlement that might benefit the plaintiffs but not the Union would be rejected by class counsel. It is likewise not clear whether, if both representative plaintiffs were members of the Union, they would properly represent the interests of any class members who were not members of the Union.

It is undisputed that the Union represented some of the employees at the Surrey Hotel prior to 2020 – however, the plaintiffs have declined to reference or attach a copy of the

October 1, 2025
Page **3** of **3**

operative collective bargaining agreement, though the CBA's provisions regarding employees who were on medical leave would surely be relevant to determining the scope of the class. Notably, when the case was originally brought in the New York state Supreme Court, the proposed class definition was, "the Named Plaintiffs and a class consisting of similarly situated persons who were employed and performed services at the Hotel since at least December 2019 ***and/or had recall rights under a collective bargaining agreement with the Hotel and Gaming Trades Council, AFL-CIO f/k/a New York Hotel and Motel Trades Council, AFLCIO ('Union') when they were laid off*** when the Hotel closed to the public in March 2020." Dkt. 1, Exhibit, ¶ 16 (emphasis added).

When the Amended Complaint was filed in this Court following removal, the proposed definition had changed to, "the Named Plaintiffs and a class consisting of similarly situated persons who were employed to perform services at the Hotel since at least December 2019 ***or had recall rights under the former hotel employer's policies*** when the Hotel closed to the public in March 2020.*"* Dkt. 5, ¶ 19. The Class Certification Motion, however, seeks to define yet another class consisting of non-managerial employees who were employed at the hotel from "December 4, 2019 to December 3, 2020 ***or were on medical leave with recall rights in accordance with the Hotel's policies in effect as of March 2020….*"* Accordingly, it is necessary to determine what effect, if any, the terms and conditions of the CBA might have had on the employees and those who were on medical leave when the Hotel closed. Moreover, it is unclear whether the group of employees ostensibly protected by the Ordinance is congruent with the proposed class definition and, if not, why the plaintiffs are not seeking to represent those who might be outside this proposed class definition.

Defendants, therefore, respectfully request that they be granted permission to engage in discovery of the nature described above. They further ask that the deadlines in connection with the Motion for Class Certification and the Case Management Order (including those related to expert discovery) be correspondingly extended to allow the parties to complete certification related discovery. Thus, defendants' ask that the date for their response to the Motion for Class Certification be extended through and including December 8, and the deadline for plaintiffs' reply, if any, be due on or before January 8.

If Your Honor denies Defendants' request to conduct discovery, defendants alternatively request three additional weeks, through and including October 28, in which to respond to the Motion for Class Certification.

Sincerely yours,
**STOKES WAGNER, ALC.**

John R Hunt

cc.